Reginald A. **GAITHER**, Appellant,

v.

**UNITED STATES**, Appellee.

Nos. 90–CF–714, 93–CO–10, 95–CO–888, 97–CO–454 and 02–CO–367.

District of Columbia Court of Appeals.

Jan. 29, 2003.

Before: TERRY, STEADMAN, and RUIZ, Associate Judges.

### ORDER

In appeals Nos. 90–CF–714+, we remanded the case for the trial court to "make complete findings of fact and to apply the correct legal standard to its findings" concerning appellant's *Brady* claims. *Gaither v. United States*, 759 A.2d 655, 664 (D.C.2000). Subsequently, both parties requested amendments to the opinion, one of which was hotly contested. While the court was considering these motions, the mandate inadvertently issued on February 1, 2001. Pursuant to the mandate, the trial judge—without knowledge of the parties' pending motions to amend the opinion—proceeded to make findings on remand, issuing a Memorandum Order on January 18, 2002, which rejected appellant's *Brady* claims. Appellant has moved to recall the mandate to permit amendment of our opinion, and to vacate the trial court's Memorandum Order on the ground that it was issued without jurisdiction and without benefit of our final remand instructions following decision on the motions to amend the opinion. Appellee agrees that the mandate should be recalled to permit decision on the parties' motions to amend the opinion, but disagrees that the trial court's remand order was without jurisdiction and that appellant's rights may be protected by appealing that order. That order is now pending appeal before this court. *Gaither v. United States*, No. 02–CO–367.

In view of the procedural tangle that has ensued, we hereby recall the mandate in Nos. 90–CF–714+ to permit amendment of our opinion remanding the case, *sua sponte* consolidate those appeals with No. 02–CO–367, vacate the trial court's Memorandum Order and again remand the case

so that the trial court may consider appellant's *Brady* claim in light of the following amendments to our opinion:

—Strike the words "not for witness fees" [759 A.2d at 663, second column, line 30; slip opinion at 18, bottom line] and add the following paragraph to footnote 12: "In a post-argument letter to the court, the government conceded that, contrary to assertions during oral argument, Fennel's testimony supported that the payments were as extensive as appellant argued. Appellant claims these payments were so significant for Fennel as to constitute, in and of themselves, *Brady* material. After issuance of the opinion in this case, the government argued in a motion to amend the opinion that there was no impropriety in the government's payment of fees to a prospective witness. Appellant disputes that the payments were authorized by law and that the making of unauthorized payments also should have been disclosed under *Brady*. Both parties have cited a number of statutes and regulations in support of their respective positions. In view of our remand to the trial judge for further findings, we express no opinion at this juncture on whether the government's payments to Fennel were proper or authorized and, even if not, whether they were subject to disclosure under *Brady* on that basis."

—Strike the words "finding that there was no evidence that Fennel told prosecutors he could not identify the killer" [759 A.2d at 663, 1st column, line 20; slip opinion at 17, first full paragraph at lines 3–4]. Both parties agree, and the record supports, that the trial court did not make this finding in its initial (1996) consideration of appellant's *Brady* motion.

We also grant two unopposed requests to amend the opinion which have no bearing on the issue on remand. On 759 A.2d at 660, line 8 of the first full paragraph, slip opinion at 10, fourth line of the first full paragraph, strike "prosecutors Thomas and Long–Doyle" and replace with "prosecutor Long Doyle". On 759 A.2d at 658, column two at line 11 and slip opinion at line 9, strike "Gaither's" and replace with "Fennel's".

We remand the case so that the trial judge may reconsider the Memorandum Order, as he deems appropriate, in light of the amendments to our opinion.

*Remanded.*